TIMKO v OAKWOOD CUSTOM COATING, INC

Docket No. 212927. Submitted May 3, 2000, at Detroit. Decided January 2, 2001, at 9:00 A.M. Leave to appeal sought.

Ernest M. Timko brought an action in the Wayne Circuit Court against Oakwood Custom Coating, Inc., alleging that he had been discriminated against in violation of the provisions of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, on the basis of age as a result of the defendant's termination of his employment. At the time the defendant hired the plaintiff, the plaintiff signed an employment application that provided that he would bring any action arising out of his employment or termination of employment, including claims under state and federal civil rights statutes, within 180 days after the event giving rise to the claim and that he waived any limitation periods to the contrary. The defendant moved for summary disposition on the basis that the plaintiff had not brought action within 180 days of his termination. The court, Robert L. Ziolkowski, J., granted summary disposition for the defendant, finding that the 180-day limitation period in the contractual agreement was reasonable. The court denied the plaintiff's motion for reconsideration, reiterating that the shortened contractual period was reasonable and holding that the employment application did not constitute an adhesion contract. The plaintiff appealed.

The Court of Appeals *held*:

1. The opinion of the Supreme Court in *Herweyer v Clark Hwy Services, Inc*, 455 Mich 14 (1997), should not be read to hold that a six-month period of limitation contained in an employment agreement is unreasonable and, therefore, unenforceable. The *Herweyer* Court specifically indicated that it was expressing no opinion regarding the reasonableness of any shortened period agreed to by the parties. The *Herweyer* Court did, however, restate the accepted principle that parties may contract for a limitation period shorter than that set by statute provided that the abbreviated period remained reasonable. The Court further noted that a limitation period is reasonable if it allows a claimant sufficient opportunity to investigate and file an action, is not so short as to amount to the

practical abrogation of the right of action, and does not act to bar an action before the loss or the damage can be ascertained.

2. The plaintiff failed to show which of the criteria reiterated in *Herweyer* would render the 180-day limitation in this matter not reasonable. The limitation period in this matter is similar to contractual limitation periods held to be reasonable by federal courts applying Michigan law and is consistent with some state and federal statutory limitation periods. Because the limitation period is not inherently unreasonable and because the plaintiff failed to show that the shortened period unfairly deprived him of the opportunity to file an action, the 180-day period qualifies as reasonable.

3. The enforceability of a contract depends on consideration and not mutuality of obligation. The terms of an employment application constitute part of an employee's and employer's contract of employment. Here the defendant clearly provided the plaintiff consideration to support enforcement of the terms of the application, specifically employment and wages.

4. Because the 180-day limitation in the employment application agreement was found to be reasonable, the agreement is not rendered unenforceable as a contract of adhesion, because courts will not invalidate contracts as contracts of adhesion where the challenged provision is reasonable.

Affirmed.

McDONALD, P.J., dissenting, stated that the 180-day limitation set forth in the employment application is an unreasonably short period for bringing a civil rights claim. Although the Supreme Court in *Herweyer v Clark Hwy Services, Inc*, 455 Mich 14 (1997), stated that it was disavowing any expression of opinion whether the six-month limitation period contained in the contract in that case was reasonable, other language in that opinion and the disposition ordered by the Court in that case strongly suggest that the Court found the shortened period was not reasonable. Under the facts of this case, the shortened limitation period was unreasonable.

1. LIMITATION OF ACTIONS — EMPLOYMENT CONTRACTS — REASONABLENESS.

Parties may contract for a limitation period shorter than that set by statute provided that the abbreviated period remains reasonable; a limitation period is reasonable if it allows a claimant sufficient opportunity to investigate and file an action, is not so short as to amount to the practical abrogation of the right of action, and does not act to bar an action before the loss or the damage can be ascertained.

2. CONTRACTS — ENFORCEABILITY — MUTUALITY.

    The enforceability of a contract depends on consideration and not mutuality of obligation.

3. CONTRACTS — CONTRACTS OF ADHESION.

    Courts will not invalidate contracts as contracts of adhesion where the challenged provision is reasonable.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *David F. Greco*), for the plaintiff.

*The Fishman Group* (by *Donald H. Scharg* and *Paul D. Kramer*), for the defendant.

Before: McDONALD, P.J., and GAGE and TALBOT, JJ.

GAGE, J. Plaintiff appeals as of right the trial court's grant of summary disposition for defendant.[1] The trial court granted defendant summary disposition of plaintiff's age discrimination claims pursuant to MCR 2.116(C)(7) (statute of limitations). We affirm.

On August 26, 1996, plaintiff, at age seventy-one, began tool and die work for defendant. On August 28, 1996, plaintiff signed a three-paragraph portion of defendant's employment application labeled "Authorization and Understanding." Among other things, the understanding provided for plaintiff's agreement that the parties' employment relationship was at will, and in bold print explained, in relevant part, as follows:

    I agree that any action or suit against the firm arising out of my employment or termination of employment, including, but not limited to, claims arising under State or Federal civil rights statutes, must be brought within 180 days of the event giving rise to the claims or be forever barred. I waive any limitation periods to the contrary.

---

[1] Because it appears that the various defendant names appearing in the case caption represent alternate appellations for the same entity, when referring to this entity we utilize the singular "defendant."

Plaintiff's term of employment lasted for approximately five and one-half months, until February 7, 1997, when defendant discharged plaintiff allegedly because plaintiff unsatisfactorily performed his job.

On March 3, 1998, plaintiff sued defendant, alleging unlawful age discrimination under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* Defendant moved for summary disposition pursuant to MCR 2.116(C)(7), arguing that because plaintiff filed suit more than 180 days after his term of employment ended the 180-day period of limitation precluded plaintiff's claim. Plaintiff responded that *Herweyer v Clark Hwy Services, Inc*, 455 Mich 14; 564 NW2d 857 (1997), stood for the proposition that a six-month period of limitation placed within an employment agreement was unreasonable and therefore unenforceable. The trial court concluded that the 180-day period of limitation satisfied the requirement under Michigan law that a shortened period of limitation must qualify as reasonable and granted defendant summary disposition because plaintiff filed suit beyond the 180-day period.

Plaintiff moved for reconsideration on the bases that no mutuality of obligation supported defendant's attempted enforcement of the 180-day period contained within the employment application and that defendant's standard form employment application represented a contract of adhesion. Plaintiff also reiterated that Michigan law viewed as unreasonable a six-month period of limitation. The trial court found plaintiff bound by the terms of the employment application. The court also restated its finding that the 180-day period of limitation was reasonable and, consequently, determined that the employment applica-

tion did not constitute an adhesion contract. Accordingly, the court denied plaintiff's motion for reconsideration.

Plaintiff on appeal challenges the trial court's decision to apply the 180-day period of limitation contained within the employment application. We review de novo a trial court's summary disposition ruling. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Defendant sought summary disposition based on MCR 2.116(C)(7), which provides that "[t]he claim is barred because of . . . statute of limitations."

> When reviewing a motion for summary disposition under MCR 2.116(C)(7), a court must accept as true a plaintiff's well-pleaded factual allegations, affidavits, or other documentary evidence and construe them in the plaintiff's favor. If no facts are in dispute and reasonable minds could not differ concerning the legal effect of those facts, whether a plaintiff's claim is barred by the statute of limitations is a question for the court as a matter of law. [*Jackson Co Hog Producers v Consumers Power Co*, 234 Mich App 72, 77; 592 NW2d 112 (1999) (citation omitted).]

Plaintiff first asserts that the 180-day period of limitation is unreasonable according to *Herweyer, supra.* In *Herweyer*, the plaintiff signed an employment contract with the defendant that described a six-month period of limitation for bringing employment-related claims against the defendant, and additionally provided that " *'if any of the above commitments by me is ever found to be legally unenforceable as written, the particular agreement concerned shall be limited to allow its enforcement as far as legally possible.' "* *Herweyer, supra* at 16 (emphasis added). The instant plaintiff reasons that the Supreme Court would not

have considered the question whether the *Herweyer* parties' above highlighted savings provision applied had it not preliminarily determined that the six-month period there involved qualified as unreasonable. Plaintiff's argument, however, plainly lacks merit. The Supreme Court "granted [Herweyer]'s application in order to determine whether the contract's saving provision can be read to require any claims to be brought within the minimum reasonable period." *Id.* at 18-19.[2] The Court specifically enunciated that "we express no opinion regarding the reasonableness of any shortened period agreed to by the parties." *Id.* at 18.[3]

The Supreme Court in *Herweyer* restated the accepted principle that parties may contract for a period of limitation shorter than the applicable statute of limitation provided that the abbreviated period remains reasonable. The period of limitation "is reasonable if (1) the claimant has sufficient opportunity to investigate and file an action, (2) the time is not so short as to work a practical abrogation of the right of

---

[2] The Supreme Court cited its order granting leave to appeal, which "limited [the issue to be considered] to whether, if the contractual limitation period contained in the employment contract was unreasonable, the limitation could be saved by reading it as providing for an unspecified minimum reasonable time that is less than the applicable statutes of limitations." 453 Mich 915 (1996).

[3] While plaintiff also on appeal states that "[f]urther, Plaintiff's waiver of the statutory period of limitation was not knowing, intelligent and/or voluntary as is required by law," we decline to address this contention because plaintiff failed to raise the issue before the trial court, failed to raise the issue in his appellate brief's statement of questions presented, and on appeal failed to adequately brief the issue. *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959); *Wallad v Access BIDCO, Inc,* 236 Mich App 303, 308; 600 NW2d 664 (1999); *Hilliard v Schmidt,* 231 Mich App 316, 318; 586 NW2d 263 (1998). We nonetheless note with respect to this allegation that the language describing the abbreviated period of limitation appeared in bold print in a paragraph of text located immediately above plaintiff's signature acknowledging his agreement with the provisions of the text.

action, and (3) the action is not barred before the loss or damage can be ascertained." *Id.* at 20, citing *Camelot Excavating Co, Inc v St Paul Fire & Marine Ins Co*, 410 Mich 118, 127; 301 NW2d 275 (1981). To this point, no published opinion by this Court or the Supreme Court has specifically addressed the reasonableness of a shortened, 180-day period of limitation in the context of an employment agreement.

Plaintiff does not address how the instant, shortened period of limitation violates any of the three prescribed considerations. Applying Michigan law, at least two federal courts have found that a six-month period of limitation contained within an employment agreement qualified as reasonable. In *Myers v Western-Southern Life Ins Co*, 849 F2d 259, 260 (CA 6, 1988), the plaintiff signed an employment contract agreeing " '[n]ot to commence any action or suit relating to your employment . . . more than six months after the date of termination of such employment, and to waive any statute of limitation to the contrary.' " More than sixteen months after the plaintiff retired, he filed a constructive discharge lawsuit against the defendant, alleging age and handicap discrimination in violation of the Michigan Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, and the Michigan Handicappers' Civil Rights Act,[4] MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* The United States District Court for the Eastern District of Michigan (Feikens, J.) granted the defendant's motion for summary judgment based on the six-month period of limitation. *Myers, supra* at 260.

---

[4] This act currently is known as the Persons with Disabilities Civil Rights Act. MCL 37.1101; MSA 3.550(101).

The Sixth Circuit Court of Appeals on appeal addressed the reasonableness of the abbreviated period of limitation. Judge Keith, writing for the court, restated the Michigan Supreme Court's reasonableness requirements, see *Camelot, supra,* then concluded as follows:

> There is nothing inherently unreasonable about a six-month limitations period. For example, six months is the time limit within which claims must be brought for breach of the duty of fair representation under the Labor Management Relations Act. 29 USC § 160(b); *DelCostello v International Brotherhood of Teamsters,* 462 US 151; 103 S Ct 2281; 76 L Ed 2d 476 (1983). We cannot say that, under the *Camelot* criteria, the six-month limitation in this case is less reasonable than that applied to fair representation claims. [*Myers, supra* at 262.]

Accordingly, the Court of Appeals affirmed the district court's grant of summary judgment to the defendant. *Id.*

In *Perez v Western-Southern Life Ins Co,* 1987 WL 16355 (ED Mich, 1987), Judge Newblatt of the United States District Court for the Eastern District of Michigan considered briefly the reasonableness of a six-month period of limitation according to Michigan law. The plaintiff therein also signed the defendant's employment contract that provided for a six-month period of limitation regarding any employment-related claim. The defendant moved for summary judgment on the basis of the contractual six-month period of limitation. Although the parties did not specifically address whether the shortened period qualified as reasonable under the test described in *Camelot, supra,* Judge Newblatt concluded "that it is reasonable especially in the light of the six-month period of

limitations imposed by section 301 of the Labor Man-
agement Relations Act, 29 USC § 301." 1987 WL
16355, *1. Judge Newblatt further observed that

> [t]hough the three-year period of limitations for injuries to a
> person under MCL[] 600.5805(7) [MSA 27A.5805(7)] is appli-
> cable to employees alleging discrimination in employment
> practices, . . . there is nothing in either the Elliott-Larsen
> Act or § 600.5805(7) which prohibits a shorter reasonable
> period agreed upon by the parties nor which evinces any
> state public policy to the contrary. [Perez, supra at *2, n 2.]

The court granted the defendant summary judgment.
*Id.* at *2.

We agree with Judge Keith in *Myers, supra* at 262,
that no inherent unreasonableness accompanies a six-
month period of limitation. We find that in this case
the 180-day period of limitation afforded plaintiff ade-
quate time to investigate and file his age discrimina-
tion claim. Both Michigan law and federal law provide
for six-month or even shorter periods of limitation in
the context of various employment actions. See MCL
423.216(a); MSA 17.455(16)(a) ["No complaint shall
issue based upon any unfair labor practice occurring
more than 6 months prior to the filing of the charge
with the commission . . . ."]; MCL 15.363(1); MSA
17.428(3)(1) ["A person who alleges a violation of th[e
Whistleblowers' Protection A]ct may bring a civil
action for appropriate injunctive relief, or actual dam-
ages, or both within 90 days after the occurrence of
the alleged violation of this act."]; see also 29 USC
160(b) ("[N]o complaint shall issue based upon any
unfair labor practice occurring more than six months
prior to the filing of the charge with the Board . . . .").
Furthermore, both Michigan and federal law apply
six-month periods of limitation even where an

employee's civil rights are involved. See 1999 AC, R 37.4(6) (requiring that a complaint to Michigan's Civil Rights Commission "shall be filed within 180 days from the date of the occurrence of the alleged discrimination, or within 180 days of the date when the occurrence of the alleged discrimination was or should have been discovered"); see also 42 USC 2000e-5(e)(1) ("A charge [of an unlawful employment practice] under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . .").[5]

The instant record reveals no explanation why the 180-day period of limitation at issue did not provide plaintiff a sufficient opportunity to investigate and to file this action within the abbreviated period, and no indication exists that the 180-day period effectively abrogated plaintiff's right to bring his age discrimination claims. Moreover, we find the approximate six-month period of limitation wholly adequate to permit plaintiff to ascertain any alleged discrimination that may have occurred during the approximate five-and-one-half-month term of plaintiff's employment with defendant. Because the 180-day period of limitation does not constitute an inherently unreasonable amount of time and because plaintiff failed to otherwise demonstrate that the shortened period unfairly deprived him of the opportunity to file his instant

---

[5] When "the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from" the allegedly unlawful employment practice, Congress provided a 300-day period of limitation from the time of the occurrence of the unlawful practice, or for filing "within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier." 42 USC 2000e-5(e)(1).

claims, we conclude that the 180-day period qualifies as reasonable. *Camelot, supra; Myers, supra.*

Plaintiff next argues that the 180-day period of limitation cannot be enforced because defendant is "attempting to enforce the provisions contained in the employment application as if it is a contract, a contract where the Defendants have absolutely no obligation." "The enforceability of a contract depends, however, on consideration and not mutuality of obligation." *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 600; 292 NW2d 880 (1980); 1 Restatement Contracts, 2d, § 79, p 200. This Court previously has recognized that the terms of an employment application constituted part of an employee's and employer's contract of employment. *Butzer v Camelot Hall Convalescent Centre, Inc,* 183 Mich App 194, 200; 454 NW2d 122 (1989); *Eliel v Sears, Roebuck & Co,* 150 Mich App 137, 140; 387 NW2d 842 (1985). Here, defendant clearly provided plaintiff consideration to support enforcement of the terms of the application, specifically employment and wages. 1 Restatement Contracts, 2d, § 71, p 172 (consideration may constitute a return promise or a performance, including an act, a forbearance, or "the creation, modification, or destruction of a legal relation"); Black's Law Dictionary (7th ed), p 300 (defining consideration as "[s]omething of value [such as an act, a forbearance, or a return promise] received by a promisor from a promisee").

Lastly, plaintiff alternatively argues that the parties' employment contract constitutes an unenforceable adhesion contract because plaintiff could not negotiate the terms of the standard form contract drafted by defendant. However, because we have found the

180-day period of limitation reasonable, plaintiff's adhesion contract argument must fail. *Rembert v Ryan's Family Steak Houses, Inc*, 235 Mich App 118, 157; 596 NW2d 208 (1999) ("Courts will not invalidate contracts as adhesion contracts where the challenged provision is reasonable.").

In conclusion, because undisputed facts establish plaintiff's assent to a reasonable 180-day period of limitation regarding employment-related claims, the trial court properly found that defendant was entitled to summary disposition of plaintiff's complaint, which was filed almost thirteen months after plaintiff's termination.

Affirmed.

TALBOT, J., concurred.

MCDONALD, P.J. (*dissenting*). Plaintiff claims the 180-day period set forth in the employment application is an unreasonably short period for bringing a civil rights claim. I agree.

Our Supreme Court in *Herweyer v Clark Hwy Services, Inc*, 455 Mich 14, 24; 564 NW2d 857 (1997), held:

> By enacting a statute of limitations, the Legislature determines the reasonable maximum period a plaintiff can take to file a claim. *Neilsen v Barnett*, 440 Mich 1, 8; 485 NW2d 666 (1992). Courts should defer to the statutory period unless the period in the parties' contract is specific and reasonable.

The majority relies on *Herweyer, supra*, and the factors stated in *Camelot Excavating Co, Inc v St Paul Fire & Marine Ins Co*, 410 Mich 118, 127; 301

NW2d 275 (1981), in determining whether the shortened period of limitation herein is reasonable.

However, the *Herweyer* Court unanimously agreed with Justice LEVIN's concurrence in *Camelot, supra* at 141, where he stated:

> The rationale of the rule allowing parties to contractually shorten statutory periods of limitation is that the shortened period is a bargained-for term of the contract. Allowing such bargained-for terms may in some cases be a useful and proper means of allowing parties to structure their business dealings.
>
> In the case of an adhesion contract, however, where the party ostensibly agreeing to the shortened period has no real alternative, this rationale is inapplicable.

The *Herweyer* Court went on to decide that employment contracts differ from the bond contracts that were the subject in *Camelot* and that an employer and employee often do not deal at arm's length when negotiating contract terms. An employee in the position of plaintiff has only two options: (1) sign the employment contract as drafted by the employer, or (2) lose the job. Where one party has less bargaining power than another, the contract agreed upon might be, but is not necessarily, one of adhesion and at least deserves close judicial scrutiny. *Herweyer, supra* at 21; *Bobo v Thorn Apple Valley, Inc*, 459 Mich 892; 587 NW2d 501 (1998).

Justice KELLY framed the issue in *Herweyer, supra* at 15, as follows:

> In this wrongful termination case, the single issue is what limitation period for filing suit is appropriate where the period written into the employment contract is unreasonably short.

Despite disavowing any expression of opinion concerning the reasonableness of the six-month limitation period later in the opinion the Court's disposition of the case suggests that the shortened limitation period would have been found unenforceable. The Court recognized that "neither the trial court nor this Court of Appeals upheld the six-month period of limitation in the contract." *Id.* at 21. In fact, neither the trial court nor this Court explicitly ruled regarding the reasonableness of the period. Both courts determined that it was unnecessary to rule regarding the reasonableness of the shortened term because, even if it were unenforceable, the saving clause effectively barred the plaintiff's claim. Once the Supreme Court determined that the saving clause was ineffective, there was no longer a basis to avoid ruling on the reasonableness of the shortened term. However, rather than remanding for a ruling on the reasonableness of the shortened term by the trial court, the Supreme Court concluded its opinion by stating "the limitation period for each of plaintiff's claims is the applicable statutory period" and remanded the case to the trial court for further proceedings. *Id.* at 24. By this statement, the Court indicated by implication that the shortened six-month period in the employment contract did not preclude the plaintiff's action, even though the trial court, this Court, and the Supreme Court itself had avoided directly ruling with respect to the issue.

Contrary to the majority opinion, I believe *Herweyer* is supportive of plaintiffs position. The shortened limitation period under the facts of this case was unreasonable. The plaintiff and defendant did not negotiate the contract's terms on an equal footing.

The seventy-one-year-old plaintiff had no negotiating leverage and was merely given the choice of signing the agreement or losing the job.

I would reverse and remand for trial.