# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM SAMS,

　　　　　Plaintiff-Appellant,

UNPUBLISHED
January 31, 2017

v

COMMON GROUND,

　　　　　Defendant-Appellee.

No. 329600
Genesee Circuit Court
LC No. 15-104205-CD

Before: BECKERING, P.J., and SAWYER and SAAD, JJ.

PER CURIAM.

In this employment discrimination claim, plaintiff appeals the trial court's order that granted defendant's motion for summary disposition on the grounds that plaintiff's claim was time barred by the contractual limitation period of one year. For the reasons stated below, we affirm.

## I. BASIC FACTS

The relevant facts for the issues on appeal are brief and are not in dispute.[1] On August 15, 2011, plaintiff applied for employment with defendant and agreed to be bound by the following:

> In consideration of my employment, I agree to conform to the rules and policies of Common Ground. Also, I agree not to begin any action or lawsuit relating directly or indirectly to employment with Common Ground more than one (1) year after the earlier of (a) the incident or event giving rise to such action or lawsuit or (b) the date of the termination of such employment. I waive any statute of limitations to the contrary.

Defendant subsequently hired plaintiff.

---

[1] Because the sole issue is whether plaintiff contractually waived the statutory three-year statute of limitations, the facts underlying plaintiff's specific civil rights claim are not relevant.

On July 27, 2012, defendant notified plaintiff in a letter that his position would change from "Crisis Interventionist 1" to "Recovery Coach" effective August 5, 2012. This change would lower plaintiff's hourly rate and other fringe benefits. The letter had a place for plaintiff to sign to show his acceptance of the changes to his employment, and plaintiff signed it on August 2, 2012. However, on September 21, 2012, plaintiff advised defendant that he was resigning and that his last day of employment would be September 30, 2012.

Plaintiff filed suit against defendant on February 5, 2015, approximately 2-1/2 years after resigning, and alleged that defendant violated the Persons with Disabilities Civil Rights Act, MCL 37.1101, *et seq.* Plaintiff alleged that defendant's actions forced him to resign, which constituted a constructive discharge.

Defendant moved for summary disposition under MCR 2.116(C)(7) and argued that plaintiff's claim was time barred because plaintiff waived the statutory three-year period of limitations and agreed to be bound by a one-year period, as stated in his employment application. Plaintiff argued that the application did not apply because, when he was offered the new positon with defendant, they did not incorporate the terms of the prior application. Plaintiff also argued that, in any event, the provision shortening the limitations period was not enforceable because it was unconscionable. The trial court agreed with defendant and granted the motion for summary disposition.

## II. STANDARD OF REVIEW

We review de novo a trial court's a grant or denial of a motion for summary disposition. *Dybata v Wayne Co*, 287 Mich App 635, 638; 791 NW2d 499 (2010). Summary disposition is appropriate under MCR 2.116(C)(7) when a claim is barred by the applicable statute of limitations. When considering a motion brought under this subrule, "the trial court must consider any affidavits, depositions, admissions, or other documentary evidence submitted by the parties to determine whether there is a genuine issue of material fact precluding summary disposition." *Id.* at 637. In doing so, a court must consider the evidence in the light most favorable to the nonmoving party. *Moraccini v City of Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012). "If no facts are in dispute, or if reasonable minds could not differ regarding the legal effect of those facts, then the question whether the claim is barred . . . is an issue of law." *Dybata*, 287 Mich App at 637.

Our review of the proper interpretation of a contract also is a matter of law that we review de novo. *Burkhardt v Bailey*, 260 Mich App 636, 646; 680 NW2d 453 (2004).

## III. ANALYSIS

As noted above, as a condition of his employment, plaintiff agreed, in writing, to not bring an employment-related lawsuit against defendant unless he filed his suit within one year of his termination. Further, he expressly agreed to waive the statutory limitation period to bring suit. And he testified that he read and understood all the terms of his agreement and that if he did not understand them, he had the opportunity to ask for clarification.

Under the foregoing facts and pursuant to well-established Michigan precedent, plaintiff is bound by his agreement regarding the limitation of action provision. Indeed, our Court has

ruled that a virtually identical provision is binding under Michigan law and that this limitation provision does not violate public policy. Accordingly, plaintiff is bound by his agreement and his claim is time barred and the defenses he raises to the applicability of this provision, which we discuss below, are unavailing.

## A. APPLICABILITY OF THE APPLICATION

Plaintiff argues that the provision in the application that shortened the amount of time he could bring an action against defendant lacks "any contractual significance." We disagree.

Although plaintiff does not deny signing the application, he contends that his signature merely reflects that he read and understood the terms contained in the application—not that he actually agreed to them. Plaintiff points out that the location where he signed the application states, "My signature below indicates that I have *read and understood* the above paragraphs." (Emphasis added.) However, plaintiff ignores the key and controlling language he agreed to:

> In consideration of my employment, I *agree* to conform to the rules and policies of Common Ground. Also, I *agree* not to begin any action or lawsuit relating directly or indirectly to employment with Common Ground more than one (1) year after the earlier of (a) the incident or event giving rise to such action or lawsuit or (b) the date of the termination of such employment. I *waive* any statute of limitations to the contrary. [Emphasis added.]

Accordingly, plaintiff's signature represents that he understood and agreed not to begin any action against defendant after one year has passed. Further, he understood that he waived the application of the otherwise applicable statute of limitations. As a result, we find plaintiff's argument that he did not actually agree to anything in the application to be without merit. The facts mandate otherwise.[2]

---

[2] Plaintiff also claims that because the application has language in it that states that the "application for employment shall be considered active for sixty (60) days," any such agreements he made were no longer enforceable after 60 days had passed. First, we note that the language does not state that the terms of the application were to be void after 60 days. Instead, it merely provides that plaintiff will be considered for employment for 60 days. This subtle difference is important. Moreover, the language makes it perfectly clear that plaintiff's agreement to the terms was consideration for any employment with defendant. No reasonable reading of the application shows that the consideration he was giving was only to last for 60 days. Indeed, such a reading would make the salient terms of the agreement nugatory because if the terms were void after 60 days, then the agreement never would be able to effectuate the one-year limitation period. When interpreting such contractual documents, we are to "give effect to every word, phrase, and clause . . . and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003). Therefore, we reject plaintiff's claim that he was no longer bound by his agreements after 60 days had lapsed. Plaintiff makes a related argument that any consideration given by

Plaintiff also says that because he subsequently "applied" for a new position with defendant, the original application is not relevant and therefore not enforceable. Plaintiff relies on the letter that he received from defendant that notified him that his duties would change.

Contrary to plaintiff's contention, the record shows that he did not "apply" for this new position. Instead, as employers have the right to do, defendant made changes to plaintiff's duties and related compensation. The letter merely served to confirm plaintiff's acquiescence and acknowledgment of the cited changes regarding his employment. Because plaintiff remained employed by defendant at all relevant times, his agreement to provide consideration for his *employment* also remained in force. In brief, there is nothing in the agreement he signed that suggests that any consideration was only valid for a particular *position* while employed at defendant. Again, it is important that the record shows that plaintiff remained employed by defendant throughout this change; plaintiff's employment was never terminated such that he had to re-apply for employment.

## B. UNCONSCIONABILITY

Plaintiff argues that regardless of the applicability of the application, the term reducing the amount of time to bring an action under the Persons with Disabilities Civil Rights Act is unconscionable and therefore not enforceable. We disagree.

Michigan law is clear on this point: An unambiguous contractual provision is to be given full effect unless the provision violates law or public policy, or a traditional contract defense, such as unconscionability. *Rory v Continental Ins Co*, 473 Mich 457, 470; 703 NW2d 23 (2005). Here, plaintiff claims that the provision in the application that limits the period of time to bring an action against defendant is unconscionable.

> In order for a contract or contract provision to be considered unconscionable, both procedural and substantive unconscionability must be present. Procedural unconscionability exists where the weaker party had no realistic alternative to acceptance of the term. If, under a fair appraisal of the circumstances, the weaker party was free to accept or reject the term, there was no procedural unconscionability. Substantive unconscionability exists where the challenged term is not substantively reasonable. However, a contract or contract provision is not invariably substantively unconscionable simply because it is foolish for one party and very advantageous to the other. Instead, a term is substantively unreasonable where the inequity of the term is so extreme as to shock the conscience. [*Clark v DaimerChrysler Corp*, 268 Mich App 138, 143-144; 706 NW2d 471 (2005) (citations omitted).]

defendant in return for plaintiff's wavier was illusory and therefore he is not bound by the waiver. This position is meritless. This Court has specifically addressed this contention and rejected it because an employee's waiver of such a statutory right in an application is supported by consideration by the defendant employer through the employment, itself, and the accompanying wages. *Timko v Oakwood Custom Coating, Inc*, 244 Mich App 234, 244; 625 NW2d 101 (2001).

Michigan case law directly rejects plaintiff's position. In *Clark*, this Court held that the plaintiff's agreement in an employment application to reduce the amount of time to bring a suit related to employment is enforceable, because it does not violate the law, or public policy and is thus, not unconscionable. *Id.* at 142-144. Regarding unconscionability, the Court further noted that the plaintiff presented no evidence that he had no realistic alternative to employment with the defendant. *Id.* at 144. As such, although the plaintiff had unequal bargaining power with defendant, the Court could not conclude that the "plaintiff lacked any meaningful choice but to accept employment under the terms dictated by defendant." *Id.* The same holds true here. Plaintiff has not offered any evidence to show that he had to accept employment with defendant. Thus, the fact that defendant essentially made the terms of the application a precondition to employment does not rise to the level of procedural unconscionability. Further, the Courts in *Clark*, 268 Mich App at 144, and *Timko*, 244 Mich App at 243, ruled that reducing the limitations period to 180 days or six months is not substantively unconscionable.[3] Further, as here, *Clark* and *Timko* both dealt with shortened periods to bring an employment discrimination claim. *Clark*, 268 Mich App at 140, 144; *Timko*, 244 Mich App at 237; see also *Hicks v EPI Printers, Inc*, 267 Mich App 79, 84, 91; 702 NW2d 883 (2005). Therefore, because we found the shortened periods in *Hicks* (one year) and *Clark* and *Timko* (six months) to be reasonable and not unconscionable, is it is clear that here, one year is not substantively unconscionable.

We would note that the *Hicks* Court cautions that the "[w]aiver of a statutory period of limitations for a civil rights claim is subject to heightened judicial scrutiny that asks if the waiver was knowing, intelligent, and voluntary." *Hicks*, 267 Mich App at 91. Again, as noted above, in his deposition, plaintiff was asked specifically if he read the application and understood all of its terms. He replied that he did. As a result, we find that plaintiff's waiver was indeed knowing, intelligent, and voluntary. Moreover, had plaintiff not admitted that he read and understood the terms, his signing of the application, absent any coercion, mistake, or fraud, is sufficient to show that it was knowing, intelligent, and voluntary. See *Clark*, 268 Mich App at 144-145.

## C. CONCLUSION

Plaintiff's agreement to waive the statutory limitations period and replace it with a one-year period is valid under well-established Michigan law. Accordingly, plaintiff's suit, which was filed more than one year after his employment was terminated with defendant, was not timely, and the trial court properly granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(7).

---

[3] The Court in *Hicks* upheld a one-year period to bring claims as not unconscionable. *Hicks*, 267 Mich App at 91.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Henry William Saad