*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS A. KING,

               Plaintiff-Appellant,

v

MCLAREN HEALTH CORPORATION,

               Defendant-Appellee.

UNPUBLISHED
January 30, 2025
10:04 AM

No. 366152
Oakland Circuit Court
LC No. 2022-195906-CD

Before: FEENEY, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Plaintiff sued defendant for discrimination, constructive discharge, and retaliation, and the trial court granted summary disposition in defendant's favor on the basis of a clause in plaintiff's employment application providing for a shortened limitations period. We affirm.

## I. BACKGROUND

Plaintiff applied for a Manager of Reimbursement position with defendant in December 2013. Included in the application was the following provision:

> 4. In consideration of McLaren's review of my application, I agree that any lawsuit or state administrative claim arising out of my employment, my application for employment, or the termination of my employment with McLaren or any of its subsidiaries must be filed no more than six (6) month[s] after the date of the employment action that is the subject of the lawsuit or claim. I waive any statute of limitations to the contrary. Should a court determine that this period of time is unreasonable, the court shall enforce this provision as far as possible and shall declare the lawsuit or claim barred unless it was brought within the minimum reasonable time within which it should have been commenced.

This was the fourth of six listed conditions, under which the application stated, "I HEREBY ACKNOWLEDGE THAT I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF EACH OF THE ABOVE SIX (6) INDIVIDUAL STATEMENTS." Beneath this were lines for the applicant to enter a full legal name and date, which plaintiff did.

Plaintiff was hired and attended an orientation for the position in February 2014. Plaintiff signed a document acknowledging his employment, and he was provided various documents following his hire, but no documents referred to the six-month limitations period.

Plaintiff worked for defendant until 2021. During his employment, plaintiff spoke with human resources representatives several times about experiencing discrimination. Due to the purported discrimination, plaintiff resigned in June 2021.

Plaintiff filed a charge of discrimination with the Michigan Department of Civil Rights (MDCR) in September 2021, which was presented to the Equal Employment Opportunity Commission (EEOC). The MDCR/EEOC dismissed plaintiff's complaint that same month.

Plaintiff sued defendant in August 2022. In October 2022, defendant moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiff had agreed to a six-month limitations period, but had sued in August 2022 after resigning in June 2021.

In December 2022, the parties agreed to stay the case pending the resolution of *McMillon v Kalamazoo*, 969 NW2d 10 (Mich, 2022), in which our Supreme Court ordered the parties to address, in relevant part, whether *Timko v Oakwood Custom Coating, Inc*, 244 Mich App 234; 625 NW2d 101 (2001), correctly held that limitations clauses in employment applications were part of the employment contract and whether "contractual limitations clauses that restrict civil rights claims violate public policy." Our Supreme Court subsequently issued an order in *McMillon v Kalamazoo*, 983 NW2d 79 (Mich, 2023), and the trial court subsequently lifted the stay in this case.

Defendant again moved for summary disposition, which the trial court granted after a hearing. The trial court found that *Timko* "remain[ed] the law of the land," and, accordingly, a clause in an employment application providing for a shortened limitations period was enforceable. The trial court distinguished this case from the situation in *McMillon*, in which our Supreme Court found a genuine issue of material fact existed about mutuality of agreement, because plaintiff in this case was hired for the job for which he applied with the employment application. The trial court stated that plaintiff did not dispute that he completed the application, including typing his name on the electronic signature line, or that he sued defendant 14 months after the at-issue employment action. The trial court found that there was mutuality of agreement, the MDCR complaint did not render the lawsuit timely, and the clause did not violate public policy. The trial court granted defendant's motion for summary disposition.

Plaintiff now appeals.

## II. ANALYSIS

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St. Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020). A court properly grants a motion made under MCR 2.116(C)(7) when the complaint was barred by the applicable statute of limitations. *Burton v Macha*, 303 Mich App 750, 754; 846 NW2d 419 (2014). When reviewing a motion made under MCR 2.116(C)(7), we accept as true plaintiff's well-pleaded allegations. *Id*. When the facts are not in dispute, whether a statute bars the claim is a question of law. *Id*. "The motion should not be granted unless no factual development could

provide a basis for recovery." *Marrero v McDonnell Douglas Capital Corp*, 200 Mich App 438, 441; 505 NW2d 275 (1993).

We also review de novo questions of contractual interpretation and the legal effect of a contractual clause. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). "In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Id*.

## A. EMPLOYMENT APPLICATION

Plaintiff argues first that the trial court erred by holding that summary disposition was proper under *Timko*, when the application was filled out before defendant offered plaintiff a job. "[T]he terms of an employment application constitute[] part of an" employment contract. *Timko*, 244 Mich App at 244. Parties to a contract may agree to a shortened limitations period. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 30; 772 NW2d 801 (2009). "[A]n unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Rory*, 473 Mich at 470. It is "presume[d] that one who signs a written agreement knows the nature of the instrument so executed and understands its contents." *Galea v FCA US LLC*, 323 Mich App 360, 369; 917 NW2d 694 (2018) (cleaned up).

In this case, plaintiff agreed to the provision in his employment application, which constitutes part of his employment contract. See *Timko*, 244 Mich App at 244. Although the plaintiff in *Timko*, 244 Mich App at 236, signed the application after hire, this Court has relied on *Rory*, 473 Mich at 470, to hold that a six-month limitations period in an employment application was enforceable when the plaintiff did not establish that the provision was contrary to law or public policy or was unconscionable, and the provision was unambiguous. See *Clark v DaimlerChrysler Corp*, 268 Mich App 138, 141-142, 145; 706 NW2d 471 (2005). The plaintiff in *Clark*, 268 Mich App at 147 (NEFF, P.J., dissenting), signed the application before hire. That distinction itself is not determinative.

Plaintiff also argues that the trial court erred by finding that there was mutuality of agreement to establish a contract between the parties. "A valid contract requires: (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Barclae v Zarb*, 300 Mich App 455, 471; 834 NW2d 100 (2013). Mutuality of agreement "means that there must be a meeting of the minds on all the material facts in order to form a valid agreement, and whether such a meeting of the minds occurred is judged by an objective standard, looking to the express words of the parties and their visible acts." *Sanchez v Eagle Alloy Inc*, 254 Mich App 651, 665; 658 NW2d 510 (2003) (cleaned up). "Mutuality of agreement requires a valid offer and an acceptance." *McMillon*, 983 NW2d at 81. "An acceptance sufficient to create a contract arises where the individual to whom an offer is extended manifests an intent to be bound by the offer, and all legal consequences flowing from the offer, through voluntarily undertaking some unequivocal act sufficient for that purpose." *In re Costs and Attorney Fees*, 250 Mich App 89, 96-97; 645 NW2d 697 (2002) (cleaned up).

As defendant argues on appeal, plaintiff was hired for the job to which he applied, and, during that process, agreed to the clear term shortening the limitations period by completing his

application. This is distinguishable from the plaintiff in *McMillon*, 983 NW2d at 80-81, who signed the agreement shortening the limitations period before hire, but was rejected from the job for which she originally applied, before being hired *more than one year later for a different* position. Unlike in *McMillon*, 983 NW2d at 81, in which there was a genuine issue of material fact about whether the plaintiff would have known that the same application terms would apply, there is no basis in this case to find that plaintiff would question whether his application materials would apply to his employment when he was hired only one month after applying, and for the same job for which he applied. Accordingly, the trial court did not err by distinguishing this situation from that in *McMillon*.

Plaintiff argues that the agreement was not included in the documents that he completed upon hire. Our Supreme Court noted that the plaintiff in *McMillon*, 983 NW2d at 80, completed "some of the same employment paperwork as she had the year prior," but not a new application with the limitations provision. Here, plaintiff explained in his affidavit that he was not asked to sign any documents at his orientation that provided for the shortened limitations period, although he signed a document acknowledging his employment. Plaintiff does not claim, however, to have filled out any duplicate paperwork that would create confusion on whether the application provisions still applied.

Next, plaintiff argues that the trial court erred by granting summary disposition because defendant's agreement to consider the application was not adequate consideration for waiving important legal rights. Plaintiff raises this particular argument for the first time on appeal. Although this issue is related to plaintiff's previous arguments, an appellant "must show that the same basis for the error claimed on appeal was brought to the trial court's attention." See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; ___ NW3d ___ (2023) 3. Because this Court has held that the plain-error rule does not apply to civil cases, we decline to address this specific argument on appeal. See *id*. at 294.

Likewise, plaintiff briefly argues on appeal that, in addition to there being a question of fact about mutuality of agreement, there was no mutuality of obligation when plaintiff waived his rights without defendant having a legal obligation to offer a job, and that the provision was misleading because of its location in the application. Plaintiff did not raise these issues in the lower court, and we decline to address them. See *id*.

B. ELECTRONIC SIGNATURE

Plaintiff next argues that there was a question of fact about whether plaintiff typing his name on the electronic application constituted a signature to create a contract. The Uniform Electronic Transactions Act (UETA) "applies to electronic records and electronic signatures relating to a transaction." MCL 450.833(1). It applies, however, only to transactions between parties who agreed to conduct transactions by electronic means, and the question of whether parties agreed "to conduct a transaction by electronic means is determined from the context and surrounding circumstances, including the parties' conduct." MCL 450.835(2). MCL 450.832(h) defines an electronic signature as "an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record." Under MCL 450.839(1), an "electronic signature is attributable to a person if it is the act of the person. The act of the person may be shown in any manner, including a showing of the efficacy

of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable."

Plaintiff's typed name constituted an electronic signature. See MCL 450.832(h). Plaintiff does not dispute that he typed his name, agreeing to the conditions of the application. Under the UETA, this was a valid electronic signature. See MCL 450.832(h) and MCL 450.839. Plaintiff argues, however, that there is question of fact about whether he intended that his act of typing his name was meant to constitute a waiver of significant rights when there was no guarantee he would receive a job. Plaintiff typing his name in agreement to the provisions shows an intent to adopt the agreement, particularly under a statement on the application indicating that entering his name showed that plaintiff had read, understood, and agreed to the conditions. Accordingly, the trial court did not err by finding that plaintiff agreed to submit his application electronically and that plaintiff typed his name under the statement agreeing to the terms.

## C. MDCR CLAIM

Plaintiff additionally argues that he notified defendant of his claims by filing his MDCR/EEOC complaint three months after his constructive discharge. Plaintiff abandoned this argument on appeal by not developing it. "Failure to adequately brief an issue constitutes abandonment." *Seifeddine v Jaber*, 327 Mich App 514, 520; 934 NW2d 64 (2019). Plaintiff does not articulate how his MDCR complaint relieves him of complying with the shortened limitations period, or identify any authority to support his position. As defendant argues, a party may not "simply assert an error or announce a position and then leave it to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitchell v Mitchell*, 296 Mich App 513, 524; 823 NW2d 153 (2012) (cleaned up).

Regardless, plaintiff's complaint with the MDCR did not excuse his untimely lawsuit. "A civil action is commenced by filing a complaint with a court." MCR 2.101(B). "[G]enerally, the period of limitations is tolled and the action is commenced when a complaint is filed." *Wood v Bediako*, 272 Mich App 558, 562; 727 NW2d 654 (2006). MCL 600.5856 provides, in relevant part, that a statute of limitations is tolled when a party files a complaint and serves the defendant or when a court otherwise acquires jurisdiction over a defendant. "[E]xceptions to statutes of limitation are to be strictly construed." *Mair v Consumers Power Co*, 419 Mich 74, 80; 348 NW2d 265 (1984). Further, the tolling statute, MCL 600.5856, "does not mention administrative actions." *Id*. at 78, 80. "[T]he structure of the tolling statute precludes the conclusion that the Legislature intended it to include nonjudicial activity as tolling events." *Id*. at 82.

The contract provided that "any lawsuit or state administrative claim" must be filed within six months of the claim accrual. The condition expressly provided the limitations periods for either type of claim and makes no provision for one claim tolling the other. Plaintiff asserts that "pre-six-month acts of discrimination and retaliation are relevant," relying on *Campbell v Dep't of Human Servs*, 286 Mich App 230; 780 NW2d 586 (2009). That prior acts beyond a limitations period may be admissible evidence in certain proceedings does not detract from the fact that plaintiff's complaint to the MDCR did not toll the contractually agreed-upon limitations period, and plaintiff did not sue defendant within six months of his discharge. The plain language of the contract required a lawsuit within six months.

## D.  PUBLIC POLICY

Finally, plaintiff argues that the shortened limitations period violated public policy.  A "determination of Michigan's public policy is not merely the equivalent of the personal preferences of a majority of [the] Court; rather, such a policy must ultimately be clearly rooted in the law." *Rory*, 473 Mich at 470-471 (cleaned up).  In Michigan, there is no general policy or statutory enactment that prohibits private parties from contracting for shortened periods of limitation.  *Id.* at 471.  Further, "there are no statutes explicitly prohibiting the contractual modification of limitations periods in the employment context."  *Clark*, 268 Mich App at 142.

Plaintiff has not established that the trial court erred by finding that the clause did not violate public policy.  Plaintiff relies on Justice Welch's concurrence in *McMillon*, in which Justice Welch acknowledged several cases from other jurisdictions that have held that contractual limitation periods for civil rights claims are invalid.  *McMillon*, 983 NW2d at 82 (WELCH, J., concurring).  Justice Welch stated that "[t]he validity of contractually shortened limitations periods is an important issue" that the Court should address as it had not, in *McMillon*, "weighed in on the merits" of *Timko*.  *Id.*

As plaintiff argues on appeal, there are cases pending before our Supreme Court that may determine that *Timko* and *Clark* were wrongly decided and limitation clauses in employment applications are *not* part of an employment contract, or that such agreements are contrary to public policy.  Under current, binding caselaw, however, the trial court properly granted defendant's motion for summary disposition on the basis of the six-month limitations period.  See *Rory*, 473 Mich at 470; *Clark*, 268 Mich App 145; *Timko*, 244 Mich App at 244-245.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron