*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL PARIS,

        Plaintiff-Appellant,

v

MACALLISTER MACHINERY COMPANY INC,
doing business as MICHIGAN CAT,

        Defendant-Appellee,

and

INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 324,

        Defendant.

UNPUBLISHED
August 20, 2025
10:55 AM

No. 370857
Oakland Circuit Court
LC No. 2022-191984-CD

Before: BORRELLO, P.J., and M. J. KELLY and TREBILCOCK, JJ.

PER CURIAM.

In this employment dispute, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant and dismissing plaintiff's complaint. For the reasons set forth in this opinion, we reverse and remand for further proceedings.

## I. BACKGROUND

This case arises out of the termination of plaintiff's employment with defendant MacAllister Machinery Company, Inc. According to the complaint, plaintiff was hired by MacAllister Machinery in 2014, when plaintiff was 22 years old. Plaintiff alleged that although he was "successful" at his job, he was the subject of harassment and discrimination because he was significantly younger than his coworkers and faced retaliation when he attempted to "stand up for himself." He further alleged that because he was a member of the union, he was subjected to harassment and discrimination by non-union employees. The harassment plaintiff faced apparently included over-scrutinization of his work performance and overly strict enforcement of various workplace rules and policies. After one incident in December 2018, plaintiff indicated

-1-

that he was going to file for intermittent family medical leave under the Family and Medical Leave Act (FMLA), 29 USC 2601, *et seq.*, apparently based on anxiety that plaintiff was experiencing as a result of his workplace environment.

On January 11, 2019, plaintiff was informed that his employment was terminated because he had violated a last-chance agreement that he had signed. According to the complaint, it appears that plaintiff believes that the charged violations were either factually untrue, based on incidents that occurred before he signed the last-chance agreement, or were negligible infractions that other employees would not have been disciplined for committing.

Plaintiff filed this action in the Oakland Circuit Court on January 11, 2022. In his four-count complaint, plaintiff raised claims of FMLA violations, age discrimination in violation of the Elliot-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, retaliation in violation of the ELCRA, and hostile workplace environment in violation of the ELCRA. The FMLA claim was subsequently dismissed without prejudice by stipulation of the parties, leaving only the state law claims. The FMLA claim was being pursued in a separate federal action. International Union of Operating Engineers was also removed as a party pursuant to the stipulation of the remaining parties.

MacAllister Machinery moved for summary disposition under MCR 2.116(C)(7) and (10). As relevant to the issue on appeal, MacAllister argued that plaintiff's claims were contractually barred by a 180-day limitations period on state statutory civil rights claims that plaintiff agreed to in his application for employment. MacAllister Machinery attached the application to its motion for summary disposition. The application included the following language:

> I agree that any action or suit against the Company, its agents, or employees, arising out of my employment or termination of employment, including but not limited to, claims arising under State, but not Federal, civil rights statutes, must be brought within 180 days of the event giving rise to the claims or be forever barred. I waive any limitations period to the contrary.[1]

Following this provision, there was a "1" after the statement "I acknowledge that I have read and agree to the above statement." MacAllister Machinery also attached the affidavit of Peter Israel to its motion for summary disposition. Israel was the former Corporate Manager of Human Resources, Employee and Labor Relations, and Technical Training and Safety for MacAllister Machinery. He averred that the electronic application submitted by plaintiff displays a "1" when the applicant checks the "yes" box and that the application system prevents the application from being submitted if the applicant checks the "no" box.

The trial court entered an order granting defendants' motion for summary disposition without oral argument. Primarily, the court concluded that summary disposition was warranted because plaintiff failed to timely file a response to the motion in accordance with the trial court's scheduling order. In a footnote, the trial court stated that summary disposition was also appropriate because plaintiff's employment application with defendant included a 180-day limitation period

---

[1] This language was contained in "Q25" of the application.

on the underlying claims and plaintiff's action was filed three years after he was terminated, which was well outside that limitation period.

On plaintiff's motion for reconsideration, the trial court acknowledged that the parties had stipulated to allowing consideration of plaintiff's response to defendants' motion for summary disposition, although it was filed after the deadline originally set by the trial court. The trial court granted reconsideration, set aside its earlier summary disposition order, and addressed the motion for summary disposition on the merits while considering plaintiff's responsive brief. The trial court nonetheless concluded that plaintiff's claims were barred by the contractual 180-day limitations period established by the employment application because all of the claims arose out of the employment relationship. The trial court granted summary disposition to defendants under MCR 2.116(C)(7) and dismissed plaintiff's complaint. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews a trial court's ruling on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

## III. ANALYSIS

There is no dispute in this case that plaintiff was terminated from his employment on January 11, 2019. There is also no dispute that plaintiff filed this action on January 11, 2022.[2] The trial court ruled that plaintiff's claims were barred by the contractual 180-day limitations period contained in the employment application that plaintiff completed and in which he explicitly agreed to the 180-day limitation period. On appeal, plaintiff contends that this limitation period was unenforceable for a variety of reasons. Thus, the sole issue before this Court is whether the contractual 180-day limitation period is valid and enforceable because, if it is, plaintiff's action was clearly filed well beyond the expiration of this limitation period.

Recently, in *Rayford v American House Roseville I, LLC*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket No. 163989); slip op at 1-2, our Supreme Court addressed the question "whether an employer can contractually shorten the three-year statute of limitations applicable to civil rights claims to 180 days through a boilerplate employment agreement," and the Court held as follows:

> While contractually shortened limitations periods are generally permitted, they require further analysis before enforcement where, as here, a nonnegotiated boilerplate agreement is an adhesion contract between an employer and an employee. We hold that an adhesive boilerplate employment agreement that shortens a limitations period must be examined for reasonableness. Additionally, these agreements are subject to traditional contract defenses, including

---

[2] Although plaintiff states in his appellate brief that he filed this action on July 10, 2019, this appears to be a typographical error rather than a legitimate dispute. Plaintiff's brief cites to the complaint, which indicates that the action was filed on January 11, 2022, in accordance with the trial court record.

unconscionability, and, as adhesion contracts, may be procedurally and substantively unconscionable.

In reaching these conclusions, we overrule the Court of Appeals' decision in *Clark v DaimlerChrysler Corp*, 268 Mich App 138; 706 NW2d 471 (2005), which extended this Court's decision in *Rory v Continental Ins Co*, 473 Mich 457; 703 NW2d 23 (2005), to employment agreements. As a result, our precedent set forth in *Camelot Excavating Co, Inc v St Paul Fire & Marine Ins Co*, 410 Mich 118; 301 NW2d 275 (1981), and *Herweyer v Clark Hwy Servs, Inc*, 455 Mich 14; 564 NW2d 857 (1997), provides the correct framework for reviewing contractually shortened limitations periods contained in boilerplate employment agreements. We also overrule *Timko v Oakwood Custom Coating, Inc*, 244 Mich App 234; 625 NW2d 101 (2001). In *Timko*, the Court of Appeals held that a contractually shortened limitations period of 180 days in an employment agreement was not inherently unreasonable, reaching this result without conducting a particularized reasonableness analysis under *Herweyer*.

In *Rayford*, the plaintiff signed an Employee Handbook Acknowledgment one week after she was hired by the defendant. *Rayford*, ___ Mich at ___; slip op at 2-3. The acknowledgment contained a provision in which the plaintiff agreed that any lawsuit arising out of her employment with the defendant "must be filed no more than 180 days after the date of [the] employment action that is the subject of the claim or lawsuit" and waived any longer statute of limitations that may exist. *Id*. at ___; slip op at 3 (emphasis omitted; alteration in original). After the plaintiff was terminated from her employment in July 2017, she brought a civil rights lawsuit against the defendant in April 2020, and the trial court granted the defendant's motion for summary disposition based on the contractually shortened limitation period. *Id*. at ___; slip op at 3-5. Our Supreme Court concluded:

Applying *Camelot* and *Herweyer* to the instant case, we hold that the employee here lacked bargaining power when she was presented with a boilerplate employment agreement that contained a shortened limitations period of 180 days. The contract was adhesive and, as a result, warrants close judicial scrutiny of the challenged shortened limitations provision. We therefore remand the matter to the trial court so that the record can be further developed to determine the reasonableness of the shortened limitations period and whether the provision was unconscionable. [*Id*. at ___; slip op at 33.]

In the present case, the trial court did not have the benefit of the legal framework set forth in *Rayford* when it made its summary disposition ruling. We therefore reverse the trial court's summary disposition order and remand for further proceedings consistent with the framework in *Rayford*.

-4-

Reversed and remanded. We do not retain jurisdiction. No costs are awarded. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Christopher M. Trebilcock