# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID A. MILLS,

      Plaintiff-Appellant/Cross-Appellee,

v

LARAN LERNER,

      Defendant-Appellee/Cross-
      Appellant.

UNPUBLISHED
April 14, 2015

No. 319644
Lenawee Circuit Court
LC No. 13-004791-CE

Before: M. J. KELLY, P.J., and WILDER and K. F. KELLY, JJ.

PER CURIAM.

In this suit to abate an alleged nuisance, plaintiff, David A. Mills, appeals by right the trial court's order granting the motion for summary disposition by defendant, Laran Lerner, and dismissing his claim under MCR 2.116(C)(7). For the reasons more fully explained below, we affirm, but remand for consideration of Lerner's request for attorney fees and costs.

Mills is Lerner's neighbor. According to Mills, Lerner built a new shed on his property in violation of the local setback requirements. After the local municipality refused to enforce the setback requirement, Mills sued Lerner. The trial court determined that Mills' nuisance claim was subject to the three-year period of limitations provided under MCL 600.5085. Because Mills sued more than three years after Lerner constructed or altered the shed, the trial court dismissed Mills' claim as time-barred.

Mills now appeals the trial court's application of the statute of limitations.

This Court reviews de novo a trial court's decision to grant summary disposition. *Burton v Macha*, 303 Mich App 750, 754; 846 NW2d 419 (2014). "Summary disposition is properly granted under MCR 2.116(C)(7) when the plaintiff's complaint is barred by the applicable statute of limitations or repose." *Id*. This Court will consider affidavits, pleadings, and other documentary evidence that the parties presented, and will accept the well-pleaded allegations in the plaintiff's complaint as true, unless the documentary evidence contradicts the allegations in the complaint. *Lockwood v Mobile Med Response, Inc*, 293 Mich App 17, 22; 809 NW2d 403 (2011). When there is no factual dispute, whether the plaintiff's claim is barred under the applicable statute of limitations is a matter of law for the court. *Kincaid v Cardwell*, 300 Mich App 513, 523; 834 NW2d 122 (2013).

"A person cannot sue another 'to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff . . ., the action is commenced within the periods of time prescribed' by statute." *Id.*, quoting MCL 600.5805(1). This Court has held that a claim premised on nuisance must be commenced within three years after the claim accrued. See *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 289; 769 NW2d 234 (2009), citing MCL 600.5805(10). Moreover, the period of limitations "shall apply equally to all actions whether equitable or legal relief is sought. The equitable doctrine of laches shall also apply in actions where equitable relief is sought." MCL 600.5815.

Because the undisputed facts show that the shed's location does not interfere with a common right enjoyed by the public, it does not amount to a common law public nuisance. See *Capitol Props Group, LLC v 1247 Ctr Street, LLC*, 283 Mich App 422, 427; 770 NW2d 105 (2009). A person may, however, sue to abate or recover for harms caused by a private nuisance. In order to establish a private nuisance, the plaintiff must show that the defendant has interfered with his or her use and enjoyment of his or her property, that the interference resulted in significant harm, and that the defendant's conduct was either intentional and unreasonable, or unintentional and otherwise actionable. *Id*. at 429. "[A] nuisance per se is 'an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings.' " *Id*. at 427 (citation omitted). In contrast, a nuisance in fact is a nuisance based on the facts and circumstances surrounding the nuisance. *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 269 n 5; 761 NW2d 761 (2008).

Mills sued Lerner on July 1, 2013. In his complaint, Mills alleged that Lerner made an addition to his property in 2007, which constituted a nuisance per se. Specifically, Mills asserted that the addition violated Woodstock Township's zoning ordinances, and that Woodstock Township failed to enforce the ordinances. He added that he was "specifically aggrieved" by the addition to the shed on Lerner's property. Mills asked the trial court to order the removal of the shed, enjoin Lerner "from constructing within the set-back rules any structure," and to award him attorney fees and costs. Mills did not allege in his complaint that he was asserting a claim premised on a public nuisance.

Mills also did not argue that he was asserting a public nuisance claim in his answer to Lerner's motion for summary disposition or at the hearing on the motion. Instead, he emphasized at the hearing and emphasizes on appeal that the six-year imitations period applies because he requested injunctive relief instead of monetary damages. Although Mills requested an abatement of the nuisance rather than monetary damages, MCL 600.5815 provides that the limitations period applies whether the action is equitable or legal. In addition, the continuing wrongs doctrine no longer applies to nuisance claims and Mills did not allege that Lerner took any discrete acts amounting to a nuisance after he constructed the shed at issue. See *Marilyn Froling Revocable Living Trust*, 283 Mich App at 288-292. Therefore, Mills asserted a private nuisance claim and the three-year period of limitations applied on the face of his complaint to bar that claim. *Kincaid*, 300 Mich App at 522.

The six-year limitations period in MCL 600.5813 applies to a township's claim to obtain injunctive relief to abate a public nuisance. However, a different issue arises when a *private party* asserts a public nuisance claim since an individual must assert special damages distinct from the injury that the public in general suffered. See *Capitol Props Group, LLC*, 283 Mich

App at 428. The three-year limitations period in MCL 600.5805(10) applies to a private individual's public nuisance claim because the individual must show a distinct injury, and MCL 600.5805(10) provides the time limitation for initiating a claim related to injury to a person or property. For these reasons, Mills' claim fails. Given our resolution of this issue, we need not address Lerner's argument that summary disposition was proper under MCR 2.116(C)(8).

Lerner argues on cross-appeal that the trial court clearly erred in implicitly finding that Mills' claim was not frivolous and in denying Lerner's request for attorney fees as a sanction. Lerner requested attorney fees and costs in his motion for summary disposition. The trial court discussed the issue during the hearing on the motion and stated that it would reserve consideration until presented with a bill of the particular costs. Lerner maintains in his brief on appeal that the trial court ruled against granting attorney fees when the trial judge stated that she would consider his request for *costs* at a later date. He argues that the trial court's statement excluded the possibility that he would be granted attorney fees because the word "costs" does not normally include attorney fees. However, the trial court did not outright deny Lerner's request for sanctions; instead it decided to rule on the entire issue at a later date. Because the trial court did not make the necessary findings or exercise its discretion, if any, to order an appropriate sanction, this issue is not properly before this Court. See *Lanigan v Huron Valley Hosp, Inc*, 282 Mich App 558, 569-570; 766 NW2d 896 (2009). Nevertheless, in order to ensure finality, we remand this case to the trial court to consider Lerner's request for sanctions. MCR 7.216(A)(7). Accordingly, we affirm the trial court's order granting summary disposition under MCR 2.116(C)(7), but remand to the trial court for consideration of Lerner's request for sanctions.

Affirmed, but remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, Lerner may tax his costs. MCR 7.219(A).


/s/ Michael J. Kelly
/s/ Kurtis T. Wilder
/s/ Kirsten Frank Kelly