*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF ALLEGAN COUNTY TREASURER FOR FORECLOSURE.

ALLEGAN COUNTY TREASURER,

        Petitioner-Appellee,

v

CINDY BLOSS, Personal Representative of the ESTATE OF BETTY LOUISE MEADOWS,

        Respondent-Appellant.

UNPUBLISHED
October 07, 2024
3:35 PM

No. 365754
Allegan Circuit Court
LC No. 2020-062879-CZ

Before: BORRELLO, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

This case involves proceeds that remained after the tax-foreclosure sale of property formerly owned by decedent, Betty Louise Meadows, following payment of the property's delinquent taxes, interest, penalties, and fees. Respondent Cindy Bloss, personal representative of the Estate of Betty Louise Meadows, moved the circuit court to distribute the remaining proceeds, and petitioner, Allegan County Treasurer, opposed the motion on grounds that included that the Estate had not satisfied the statutory requirement to give notice of its intent to claim the proceeds. The circuit court denied respondent's motion, and respondent now appeals by leave granted.[1] We affirm.

---

[1] *In re Petition of Allegan Co Treasurer for Foreclosure*, unpublished order of the Court of Appeals, entered November 27, 2023 (Docket No. 365754).

## I. BACKGROUND

### A. STATUTORY FRAMEWORK

In response to *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 484; 952 NW2d 434 (2020), which held that former owners of properties sold at tax-foreclosure sales for more than what was owed in taxes, interests, penalties, and fees had "a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties," the Legislature passed 2020 PA 255 and 2020 PA 256, which were given immediate effect on December 22, 2020. These acts purported to "codify and give full effect to the right of a former holder of a legal interest in property to any remaining proceeds resulting from the foreclosure and sale of the property to satisfy delinquent real property taxes under the general property tax act [(GPTA), MCL 211.1a *et seq*.] . . . ." 2020 PA 255, enacting § 3; 2020 PA 256, enacting § 3. At issue in the current appeal is MCL 211.78t, a provision added to the GPTA by 2020 PA 256. Section 78t provides the means for former owners to claim and receive any applicable remaining proceeds from the tax-foreclosure sales of their former properties.

Property owners whose properties sold at tax-foreclosure sales after July 17, 2020, the date *Rafaeli* was issued, and who intend to recover any proceeds remaining from the sale after satisfaction of delinquent taxes, interest, penalties, and fees, are required to notify the foreclosing governmental unit (FGU) of their intent by submitting Department of Treasury Form 5743 by the July 1 immediately following the effective date of the foreclosure of their properties.[2]

In the January immediately following the sale or transfer of foreclosed properties, the FGU notifies those who timely filed Form 5743 about the total amount of remaining proceeds or the amount of shortfall in proceeds, among other things. MCL 211.78t(3)(i). The notice also instructs the claimants that they may move in the circuit court in the foreclosure proceeding to recover any remaining proceeds payable to them. MCL 211.78t(3)(k). The motion must be filed between February 1 and May 15 of the year immediately following the tax-foreclosure sale. MCL 211.78t(4).

At the end of this claim period, the FGU responds by verifying that claimants timely filed Form 5743 and identifying any remaining proceeds. MCL 211.78t(5)(i). The circuit court then holds a hearing to determine the relative priority of the claimants' interests in any remaining proceeds. After requiring the payment of a "sales commission" to the FGU of 5% of the amount for which the property was sold, the circuit court then allocates any remaining proceeds on the basis of its determination of priority and orders the FGU to pay the remaining proceeds to the claimants in accordance with the court's determination. MCL 211.78t(9).

---

[2] The Court also recently held that *Rafaeli* applies retroactively to claims not yet final on July 17, 2020, and that MCL 211.78t applies retroactively to claims arising before its enactment. *Schafer v Kent Co*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket Nos. 164975 and 165219); slip op at 3-4.

## B. PERTINENT FACTS AND PROCEEDINGS

The material facts are not disputed. Betty Louise Meadows owned real property in Allegan and fell behind on her 2017 and 2018 property taxes. Meadows died in July 2020. Petitioner, acting as the FGU, foreclosed on the property, effective March 31, 2021. On or about March 2, petitioner mailed a "Final Notice" to Michael Meadows at the subject property. This notice stated that if the property was foreclosed, the former property owner had the right to claim any remaining proceeds that may result from the subsequent sale or transfer of the property as provided by MCL 211.78t. The notice advised that, in order to claim this interest, it was necessary to submit to petitioner a notice of intention to claim an interest in any remaining proceeds by July 1, 2021. The property was sold in August 2021 for considerably more than was owed in back taxes and related costs. Respondent submitted the Estate's notice of intention to petitioner on November 18, 2021, and was appointed personal representative of the Estate in January 2022. Subsequently, respondent moved the circuit court to disburse the remaining proceeds to the Estate. Petitioner opposed the motion on the basis that the failure to comply with the July 1 notice deadline in MCL 211.78t(2) precluded the recovery of remaining proceeds. After a hearing on respondent's motion, the circuit court took the matter under advisement and ultimately issued an order denying the Estate's motion. This appeal followed.

## II. ANALYSIS

## A. STATUTORY ARGUMENTS

On appeal, respondent contends that the wrongful-death saving provision in MCL 600.5852(1) is applicable and operates to toll MCL 211.78t(2)'s notice deadline. Respondent also contends that the circuit court should have exercised its authority under MCL 600.2301 to disregard the deadline. This Court reviews de novo whether the circuit court properly interpreted and applied the relevant statutes. *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016).

In the recent published decision, *In re Petitioner of Barry Co Treasurer for Foreclosure*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 362316); slip op at 6-7, this Court held that the wrongful-death saving provision in MCL 600.5852 did not apply to toll the July 1 filing deadline in MCL 211.78t(2). This held true because "the Legislature's provision of an exception to the preclusive effect of MCL 211.78t(2) in MCL 211.78*l*(1) necessarily prohibits the application of any other exceptions." *Barry Treasurer*, ___ Mich App at ___; slip op at 6, citing *Burton v Macha*, 303 Mich App 750, 756; 846 NW2d 419 (2014). Under *Barry Treasurer*, MCL 600.5852 is not applicable to the deadline in MCL 211.78t(2). Further, a claim for remaining proceeds does not accrue until after foreclosure and does not survive if the decedent dies before the foreclosure. *Barry Treasurer*, ___ Mich App at ___; slip op at 6-7. As in *Barry Treasurer*, the decedent died before the foreclosure, so the right to remaining proceeds arguably passed to Meadows's heirs upon her death in June 2020, along with title to her property. See *id*. at ___; slip op at 7, citing MCL 700.2103; *Pardeike v Fargo*, 344 Mich 518, 522-523; 73 NW2d 924 (1955); *Mich Trust Co v Grand Rapids*, 262 Mich 547, 550; 247 NW 744 (1933). Similar to the situation in *Barry Treasurer*, respondent "provides no authority to support its contention that MCL 600.5852(1) applies to excuse the failure to timely file Form 5743 under the circumstances of this case." *Barry Treasurer*, ___ Mich App at ___; slip op at 7.

Respondent also argues that the circuit court should have exercised its authority under MCL 600.2301[3] to disregard the Estate's filing error because the only substantial right at issue was the Estate's right to collect remaining proceeds. Even if the Estate had a right to remaining proceeds under these circumstances, this argument would fail. Respondent cites no authority supporting the proposition that a circuit court furthers justice by disregarding the plain, unambiguous requirements of a duly enacted statute that passes constitutional muster. See *In re Petition of Muskegon Co Treasurer for Foreclosure*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363764); slip op at 12. Disregarding MCL 211.78t(2)'s notice requirement would essentially amend the Legislature's validly enacted, constitutional procedure for returning surplus proceeds. The power to do so falls outside the judiciary's purview. See *id*. at ___; slip op at 9.

The circuit court did not err by declining to apply MCL 600.5852(1) to toll the claim-filing deadline in MCL 211.78t(2), or by declining to exercise its authority under MCL 600.2301 to disregard the Estate's failure to comply with the July 1 deadline.

## B. CONSTITUTIONAL CHALLENGES

Respondent also raises a number of due-process challenges to MCL 211.78t. We review de novo questions of constitutional law. *Bonner v Brighton*, 495 Mich 209, 221; 848 NW2d 380 (2014).

"Due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v Eldridge*, 424 US 319, 332, 334; 96 S Ct 893; 47 L Ed 2d 18 (1976) (quotation marks, citation, and alteration omitted). This Court held in *Muskegon Treasurer*, ___ Mich App at ___; slip op at 8, that the process for returning remaining proceeds satisfied due process, determining that "[t]he private interest affected by an FGU's compliance with MCL 211.78t is a former property owner's right to the proceeds remaining after the tax-foreclosure sale and the satisfaction of tax debt and associated costs." This Court also held that if the procedures in MCL 211.78t are followed, "the risk of an erroneous deprivation is nil . . . ." *Id*. The timely and otherwise proper submission of Form 5743 puts the FGU "on notice that the former owner intends to exercise the right to proceeds, and the FGU will be required to notify that person of any proceeds remaining after satisfaction of the tax delinquency as well as how to file a claim. MCL 211.78t(3)." *Id*. As for the government interest involved, this Court observed that "the FGU has an interest in having taxes paid in full as well as clarifying within a reasonable time period who has the right to any surplus from forfeited properties." *Id*.

---

[3] MCL 600.2301 provides as follows:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

Respondent contends that 2020 PA 256 violates procedural due process by (1) not affording an opportunity for a hearing before the property was sold, (2) not requiring notices that inform persons with interests in foreclosed property that the county will confiscate their remaining proceeds or that they will forfeit their right to collect remaining proceeds if they fail to timely file Form 5743, and (3) not requiring personal notice of the taking of remaining proceeds.

None of these arguments undermine this Court's holding in *Muskegon Treasurer*. Respondent has not shown that a risk of erroneous deprivation exists even if an FGU and foreclosed property owners follow the procedures in MCL 211.78t. Nor has she established the necessity of additional procedural safeguards in the form of presale "remaining-proceeds" hearings, or shown how such hearings would not be significantly outweighed by additional fiscal and administrative burdens. As to respondent's assertion that the taking of remaining proceeds requires in personam service, we reject the implication that an FGU's compliance with a validly enacted statutory scheme that passes constitutional muster results in a taking nonetheless. See *Muskegon Treasurer*, ___ Mich App at ___; slip op at 12.

Respondent further contends that this Court erred by relying on the reasoning in *Nelson v City of New York*, 352 US 103; 77 S Ct 195; 1 L Ed 2d 171 (1956), to conclude that claimants for remaining proceeds who fail to follow a statutorily provided means of recovering the proceeds do not have a compensable takings claim. *Muskegon Treasurer*, ___ Mich App at ___; slip op at 10. Respondent contends that *Nelson* is inapplicable because MCL 211.78t infringes on a constitutional guarantee. This argument fails, however, because respondent has not shown "how the minimally burdensome procedures described in MCL 211.78t infringe on the right to collect excess proceeds." See *id*.

According to respondent, *Nelson* is also inapplicable because, unlike the procedure in the GPTA, the procedure at issue in *Nelson* permitted in rem defendants to make in personam counterclaims for surplus proceeds as part of the foreclosure. This is a distinction without a difference. The defenses and counterclaims discussed in *Nelson* provided property owners the opportunity to assert that their properties were worth more than they owed in taxes and fees and the means to recover the surplus. See *Nelson*, 352 US at 110. The functional equivalent in our Legislature's foreclosure scheme is the proper and timely filing of Form 5743, notifying the FGU of the former owner's intention to claim any proceeds that remain after the tax-foreclosure sale and satisfaction of the tax debt and associated costs. Respondent does not explain how this procedural difference undermines this Court's reliance on *Nelson*'s holding that a compensable takings claim cannot exist when the Legislature has provided a valid procedure for foreclosed property owners to recover surplus proceeds.[4]

---

[4] Respondent mistakenly relies on *Knick v Scott Twp, Pennsylvania*, 588 US 180; 139 S Ct 2162; 204 L Ed 2d 558 (2019), to argue that a state law that might result in just compensation cannot deprive an equity owner of a claim under the Fifth Amendment of the United States Constitution. Although *Knick* allows a property owner to bring a federal takings claim under 42 USC 1983 without having first exhausted her remedies under state law, see *Knick*, 588 US at 185, the litigant still has to prove that the government committed an unconstitutional taking in order to prevail.

Respondent's additional arguments were addressed in *Muskegon Treasurer*, ___ Mich App at ___; slip op at 10-11, and we see no reason to depart from that earlier analysis or to repeat the arguments here. None of the arguments raised by respondent undermine the conclusion that MCL 211.78t's system for recovering remaining proceeds satisfies procedural due process. As to the takings issue, respondent concedes that *Muskegon Treasurer* decided this issue in petitioner's favor, and we see no reason to declare a conflict.

## C. REMAINING ARGUMENTS

Respondent contends that unjust enrichment is an independent action at law that provides an alternate means of recovering remaining proceeds and that we should not infer that by providing an "exclusive mechanism" for the recovery of remaining proceeds, the Legislature meant to abrogate the common law and exclude common-law remedies. To the contrary, that is exactly what we should infer.

Unjust enrichment is a cause of action to correct a defendant's unjust retention of a benefit owed to another. *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019). Contrary to respondent's implication, petitioner was not "unjustly enriched." Petitioner followed our Legislature's validly enacted, constitutional scheme for returning remaining proceeds. Under this scheme, petitioner lacks the discretion to disburse remaining proceeds to foreclosed property owners who did not comply with the notice requirements in MCL 211.78t. See MCL 211.78m(8). In addition, the Legislature's clearly expressed intent for MCL 211.78t to be "the exclusive mechanism for a claimant to claim and receive any applicable remaining proceeds under the laws of this state," MCL 211.78t(11), leaves no room to argue that the Legislature also intended to allow alternate means of recovering remaining proceeds. The Legislature's clearly expressed intent impliedly abrogated other actions at law for the recovery of remaining proceeds, as well as equitable remedies established at common law. See *Muskegon Treasurer*, ___ Mich App at ___; slip op at 5.

Respondent also contends that the circuit court erred by denying the Estate's motion to disburse remaining proceeds because the Estate substantially complied with MCL 211.78t, and because enforcing the notice deadline in MCL 211.78t(2) would result in harsh and unreasonable consequences. Respondent did not preserve these issues by raising them in the circuit court. See *Peterman v State Dep't of Nat'l Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). We apply the raise-or-waive rule in civil cases. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 5. Because respondent did not raise the issue in the trial court, this Court has no obligation to consider the issue. *Id*. at ___; slip op 3. "However, this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. (quotation marks and citation omitted). None of these

---

Nothing in *Knick* undermines the relevant holding in *Nelson* or compels the conclusion that respondent has a compensable federal takings claim.

conditions apply.  Therefore, we consider these unpreserved issues to be waived.  See *id*. at \_\_\_; slip op at 5.

Affirmed.

/s/ Stephen L. Borrello
/s/ Christopher M. Murray
/s/ Anica Letica