*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF MONTCALM COUNTY
TREASURER FOR FORECLOSURE.

---

MONTCALM COUNTY TREASURER,

          Petitioner-Appellee,

v

MARK BAUMAN, KATINA GOODFELLOW,
JANET BOWERMAN, Personal Representative of
the ESTATE OF JOHN GLEN DEAN, and DIANE
MASON, Personal Representative of the ESTATE
OF IRENE M. DOEPKER,

          Claimants-Appellants.

UNPUBLISHED
December 09, 2024
1:33 PM

No. 366025
Montcalm Circuit Court
LC No. 2020-026649-AA

---

Before: GADOLA, C.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

In this foreclosure action, claimants Mark Bauman; Katina Goodfellow; the Estate of Irene M. Doepker, by Diane Mason; and the Estate of John Glen Dean, by Janet Bowerman; appeal as of right the circuit court order denying their motions for distribution of proceeds remaining after the tax-foreclosure sales of their properties and the satisfaction of their tax debts and related costs. On the basis of this Court's published opinions in *In re Petition of Muskegon Co Treasurer for Foreclosure*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket No. 363764), and *In re Petition of Barry Co Treasurer for Foreclosure*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 362316), and for other reasons stated herein, we affirm the trial court's order denying claimants' motions to disburse remaining proceeds.

## I. BACKGROUND

In 2020, our Supreme Court held that former owners of properties sold at tax-foreclosure sales for more than what was owed in taxes, interests, penalties, and fees had "a cognizable, vested

-1-

property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties." *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 484; 952 NW2d 434 (2020). Because this right continued to exist after fee simple title to the properties vested with the foreclosing governmental unit (FGU), the FGU's "retention and subsequent transfer of those proceeds into the county general fund amounted to a taking of plaintiffs' properties under Article 10, § 2 of [Const 1963]." *Id*. at 484-485. Accordingly, the former owners were entitled to just compensation in the form of the return of the surplus proceeds. *Id*. When *Rafaeli* was decided, the General Property Tax Act (GPTA), MCL 211.1 *et seq*., did not include a means by which property owners could recover their surplus proceeds.

In response to *Rafaeli*, the Legislature passed 2020 PA 255 and 2020 PA 256, which were given immediate effect on December 22, 2020. At issue in this appeal is MCL 211.78t, a provision added to the GPTA by 2020 PA 256. Section 78t provides the means for former owners to claim and receive any applicable proceeds remaining from the tax-foreclosure sales of their former properties after the satisfaction of their tax debts and associated costs.

Under MCL 211.78t(2), property owners whose properties were sold at tax-foreclosure sales after July 17, 2020, the date *Rafaeli* was decided, who intend to recover any proceeds remaining from the sale after satisfaction of delinquent taxes and related costs, are required to notify the FGU of their intent by submitting Department of Treasury Form 5743 by the July 1 immediately following the effective date of the foreclosure.[1] Following timely submission of Form 5743, the FGU notifies property owners about the total amount of remaining proceeds or the amount of shortfall in proceeds, among other things. MCL 211.78t(3)(i). The notice also instructs the claimants that they may move in the circuit court in the foreclosure proceeding to recover any remaining proceeds payable to them between February 1 and May 15 of the year immediately following the tax-foreclosure sale. MCL 211.78t(3)(k) and (4).

In this case, there are four claimants, each of whom owned real property in Montcalm County and fell behind on their property taxes.

A. CLAIMANT MARK BAUMAN

Petitioner, acting as the FGU, foreclosed on Claimant Bauman's property, effective March 31, 2021. The judgment of foreclosure informed Bauman of his right to recover any proceeds that remained and of the necessity of notifying the FGU of his intent to claim the proceeds by filing Form 5743 by July 1, 2021.[2] Bauman did not provide timely notice. Bauman's foreclosed

---

[1] Recently, our Supreme Court held that *Rafaeli* also applies retroactively to claims not yet final on July 17, 2020, and that MCL 211.78t applies retroactively to claims arising before its enactment. *Schafer v Kent Co*, ___ Mich ___; ___ NW3d ___ (2024) (Docket Nos. 164975 and 165219).

[2] Petitioner contends that it sent multiple first-class notices to each claimant informing them of their affirmative obligation to file Form 5743 and need to act by July 1, 2021. Although unnecessary for review of the issues raised on appeal, we could not verify this assertion from the

property was sold at auction for $37,750. After the deduction of his tax delinquency and related costs, the remaining proceeds were $29,520.[3]

Bauman filed a verified motion to disburse proceeds on May 11, 2022. Petitioner opposed the motion on the basis that Bauman did not comply with MCL 211.78t(2)'s July 1 deadline for filing his notice of intent. In supplemental briefing, Bauman argued that MCL 211.78t was not the exclusive means of recovering proceeds, and, if it was, it was unconstitutional on various grounds.

## B. CLAIMANT KATINA GOODFELLOW

Petitioner, acting as the FGU, foreclosed on Claimant Goodfellow's property, effective March 31, 2021. The judgment of foreclosure informed Goodfellow of her right to recover any proceeds that remained and of the necessity of notifying the FGU of her intent to claim the proceeds by filing Form 5743 by July 1, 2021. Goodfellow did not provide timely notice. Goodfellow's foreclosed property was sold at auction for $90,250. After the deduction of her tax delinquency and related costs, the remaining proceeds were $80,479.

Goodfellow filed a verified motion to disburse remaining proceeds on May 13, 2022. Petitioner opposed the motion on the basis that Goodfellow did not comply with MCL 211.78t(2)'s July 1 deadline for filing her notice of intent. Goodfellow filed supplemental briefing in which she argued that MCL 211.78t was not the exclusive means of recovering proceeds, and, if it was, it was unconstitutional on various grounds.

## C. CLAIMANT ESTATE OF JOHN GLEN DEAN

John Glen Dean died in 2017. Petitioner, acting as the FGU, foreclosed on the property of the Estate of Dean, effective March 31, 2021. The judgment of foreclosure informed the Estate of its right to recover any proceeds that remained and of the necessity of notifying the FGU of its intent to claim the proceeds by filing Form 5743 by July 1, 2021. The Estate did not provide timely notice. The Estate's foreclosed property was sold at auction for $27,750. After the deduction of its tax delinquency and related costs, the remaining proceeds were $24,651.

The Estate filed a verified motion to disburse the remaining proceeds on May 16, 2022. Petitioner opposed the motion on the basis that the Estate did not comply with MCL 211.78t(2)'s July 1 deadline for filing its notice of intent. The Estate filed supplemental briefing in which it asserted that the wrongful death saving provision in MCL 600.5852 tolled the notice deadline in § 78t(2), that MCL 211.78t was not the exclusive means of recovering proceeds, and, if it was, it was unconstitutional on various grounds.

---

documents included in the record. For purposes of completeness, we request petitioner ensure that it provides the necessary documentation in the trial court in future proceedings.

[3] This amount is from petitioners' verified motions to disburse remaining proceeds in the trial court. This Court notes that petitioners' appellate brief lists a slightly higher amount of proceeds than this for each petitioner. The difference in amounts does not impact this opinion.

### D. CLAIMANT ESTATE OF IRENE M. DOEPKER

Irene M. Doepker died in 2013. Petitioner, acting as the FGU foreclosed on the property of the Estate of Doepker, effective March 31, 2021. The judgment of foreclosure informed the Estate of its right to recover any proceeds that remained and of the necessity of notifying the FGU of its intent to claim the proceeds by filing Form 5743 by July 1, 2021. The Estate did not provide timely notice. The Estate's foreclosed property was sold at auction for $46,250. After the deduction of its tax delinquency and related costs, the remaining proceeds were $37,189.

The Estate filed a verified motion to disburse the remaining proceeds on May 13, 2022. Petitioner opposed the motion on the basis that the Estate did not comply with MCL 211.78t(2)'s July 1 deadline for filing its notice of intent. The Estate filed supplemental briefing in which it asserted that the wrongful death saving provision in MCL 600.5852 tolled the notice deadline in § 78t(2), that MCL 211.78t was not the exclusive means of recovering proceeds, and, if it was, it was unconstitutional on various grounds.

After hearing oral argument on claimants' motions, the trial court agreed with petitioner's arguments and entered orders denying claimants' motions. Claimants now appeal.

## II. LEGAL ANALYSIS

On appeal, claimants assert that: (1) the procedures described in MCL 211.78t are not the exclusive means for recovering sale proceeds; (2) the deadline for filing a notice of intent to claim proceeds under § 78t(2) violates procedural and substantive due process; (3) petitioner's retention of claimants' proceeds amounted to an unconstitutional taking; (4) the wrongful death saving provision in MCL 600.5852(1) tolls the notice deadline in MCL 211.78t(2); (5) the trial court should have exercised its statutory authority to disregard the untimely filing of their notices of intent; and (6) the trial court should have imposed a constructive trust to prevent petitioner's unjust enrichment.

We review de novo questions of constitutional law. See *Bonner v Brighton*, 495 Mich 209, 221; 848 NW2d 380 (2014). We also review de novo matters of statutory interpretation, construction, and application. *Johnson v Johnson*, 329 Mich App 110, 118; 940 NW2d 807 (2019). "Statutes are presumed to be constitutional, and we have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *Calhoun Co v Battle Creek,* 338 Mich App 736, 743; 980 NW2d 561 (2021) (quotation marks and citation omitted).

## A. EXCLUSIVITY

Claimants first contend that MCL 211.78t is permissive, as evidenced by MCL 211.78t(1)'s statement that claimants seeking remaining proceeds "may" file Form 5743; that it allows claimants to recover "remaining proceeds" rather than the "surplus proceeds" referred to in *Rafaeli*; and that it does not apply to all equity owners, but only to "claimants," as defined in § 78t(12). On the basis of these observations, claimants insist that the language of the statute does not evince the Legislature's intent to exclude other claims and remedies to recover surplus proceeds. We disagree.

After addressing identical arguments in *Muskegon Treasurer*, ___ Mich App at ___; slip op at 5, this Court held, for reasons that we need not repeat, that the Legislature intended MCL 211.78t as the exclusive mechanism for claiming and recovering remaining proceeds. Claimants concede that this Court is bound by the principle of stare decisis to follow that holding. See MCR 7.215(J)(1); *Pew v Mich State Univ*, 307 Mich App 328, 334; 859 NW2d 246 (2014). Nevertheless, claimants urge this Court to issue a conflicting opinion under MCR 7.215(J)(2) on the basis that *Muskegon Treasurer* overwhelmingly relied on caselaw involving plaintiffs who had a claim of entitlement. We decline to do so. Contrary to claimants' assertion, this Court based its analysis of the issue on the text of the statute, not on the cases that claimants identify in their brief. See *Muskegon Treasurer*, ___ Mich App at ___; slip op at 4-5. Claimants' failure to address the actual basis of this Court's holding does not support the issuance of a conflicting opinion. See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (indicating that relief need not be considered when an appellant fails to dispute the basis of the trial court's ruling).

Claimants also assert that they can recover remaining proceeds through a claim of unjust enrichment. Claimants are mistaken. An unjust-enrichment claim can arise when a party "has and retains money or benefits which in justice and equity belong to another." *McCreary v Shields*, 333 Mich 290, 294; 52 NW2d 853 (1952) (quotation marks and citation omitted). However, "[w]hen a statute governs resolution of a particular issue, a court lacks the authority to invoke equity in contravention of the statute." *Thomas v Dutkavich*, 290 Mich App 393, 413 n 9; 803 NW2d 352 (2010). Our Legislature has made clear that MCL 211.78t provides the exclusive means to recover remaining proceeds; therefore, claimants cannot recover remaining proceeds through a claim of unjust enrichment. See *id*.

Claimants further assert that the harsh-and-unreasonable-consequences exception should apply to prevent enforcement of the July 1 notice deadline and the resulting loss of their remaining proceeds. Claimants concede in a reply brief that this Court rejected this argument in *Muskegon Treasurer*, ___ Mich App at ___; slip op at 5-6, but they contend that the analysis in *Muskegon Treasurer* was flawed for the reasons stated in claimants' main brief. Their argument in their main brief, however, is the same argument that this Court rejected in *Muskegon Treasurer*. In other words, claimants give us no reason to depart from this Court's holding in *Muskegon Treasurer*. As in *Muskegon Treasurer*, claimants had a constitutionally protected right to proceeds remaining after satisfaction of their tax debt, and they had an opportunity to begin the process of recovering those proceeds through the completion of a one-page form. The circumstances of the present case, like the circumstances of *Muskegon Treasurer*, "do not justify application of the harsh-and-unreasonable consequences exception to the statutory notice requirement of MCL 211.78t(2)." *Id*. at ___; slip op at 7.

## B. CONSTITUTIONAL ARGUMENTS

Claimants next argue that, if MCL 211.78t provides the exclusive avenue to recover remaining proceeds, then it gives rise to due-process and takings violations. We disagree.

The United States and Michigan Constitutions "guarantee that no state shall deprive any person of life, liberty or property, without due process of law." *Cummins v Robinson Twp*, 283 Mich App 677, 700; 770 NW2d 421 (2009) (quotation marks and citation omitted). See US Const,

Ams V and XIV; Const 1963, art 1, § 17. These guarantees have procedural and substantive components that protect individual liberty and vested property interests "against certain government actions regardless of the fairness of the procedures used to implement them." *Cummins*, 283 Mich App at 700 (quotation marks and citation omitted). See also *Souden v Souden*, 303 Mich App 406, 413; 844 NW2d 151 (2013) (indicating that due-process protections apply to vested property rights). Procedural due process is a flexible concept and "calls for such procedural protections as the particular situation demands." *Muskegon Treasurer*, ___ Mich App at ___; slip op at 8 (quotation marks and citation omitted). "The underlying purpose of substantive due process is to secure the individual from the arbitrary exercise of governmental power." *Cummins*, 283 Mich App at 701 (quotation marks and citation omitted).

This Court held in *Muskegon Treasurer*, ___ Mich App at ___; slip op at 7-8, that the statutory scheme for recovering remaining proceeds satisfied procedural due process. Claimants give us no reason to depart from this holding. Claimants argue that MCL 211.78t violates procedural due process because it does not provide a means of recovering remaining proceeds that begins after the tax-foreclosure sale of properties by informing former owners whether the sale or transfer of their properties generated remaining proceeds, and then allowing them to file a claim to recover any applicable proceeds, and that § 78t(3) requires FGUs to send notices only to the subset of former property owners who timely filed Form 5743 rather than to all former property owners. These arguments ignore the due-process protections included in the statutory construct and reveal that claimants really want a different process, i.e., a postsale process in which FGUs inform foreclosed property owners of the results of the tax-foreclosure sale or transfer of their properties and provide a means for them to claim excess proceeds, even if they did not timely file Form 5743. See *id*. at ___; slip op at 8-9. Although some states have adopted such systems, Michigan has not. "So long as the statutory scheme adopted by our Legislature comports with due process—and MCL 211.78t does—whether such a scheme makes sense or not, or whether a 'better' scheme could be devised, are policy questions for the Legislature, not legal ones for the Judiciary." *Id*. at ___; slip op at 9 (citation omitted).

Claimants assert that any notices that petitioner sent informing claimants of their right to claim an interest in remaining proceeds were discretionary. This challenge fails because it does not consider MCL 211.78t in the context of the entire statutory scheme, which requires petitioners to inform all property owners of their right to claim an interest in remaining proceeds in mandated preforeclosure notices that are sent by certified mail, posted on the property, or published in a publication circulated in the county in which the property is located. MCL 211.78i(7)(i) and (8)(h). Contrary to claimants' assertion, the statutory scheme does not leave to the FGUs' discretion whether to inform property owners of their right to claim their interest in remaining proceeds and how to exercise that right. See *Muskegon Treasurer*, ___ Mich App at ___; slip op at 8.

Claimants also assert that the statute does not provide for a timely hearing. However, when a claimant moves under MCL 211.78t(4) for the distribution of remaining proceeds, MCL 211.78t(9) requires the circuit court to hold a hearing and to determine the relative priority and value of each claimant's interest. Because claimants filed motions under § 78t, they received a hearing on those motions.

As to substantive due process, this Court observed in *Muskegon Treasurer*, ___ Mich App at ___; slip op at 9 (quotation marks and citation omitted), that "[w]hen, as here a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." Claimants' constitutional claims, therefore, must be analyzed under the Takings Clause and under guarantees of procedural due process rather than as violations of substantive due process. See *id.*; see also *Barry Treasurer*, ___ Mich App at ___; slip op at 3. "Moreover, this Court explained in [*Muskegon Treasurer*], ___ Mich App at ___; slip op at 8-9, that the timing prescribed under MCL 211.78t(2) for a 'claimant seeking remaining proceeds' to file a Form 5743 passes muster." *Barry Treasurer*, ___ Mich App at ___; slip op at 3. Accordingly, claimants' substantive due-process claim is unavailing.

As to their claim of a takings violation, claimants concede that *Muskegon Treasurer* decided this issue in petitioner's favor. Nevertheless, claimants contend that *Muskegon Treasurer* erred by failing to recognize that the case that this Court found persuasive, *Nelson v New York City*, 352 US 103; 77 S Ct 195; 1 L Ed 2d 171 (1956), (1) addressed statutorily created rights, not constitutionally protected rights, and allowed defenses or counterclaims in the foreclosure proceeding; and (2) preappeal amendments to the relevant statute rendered the *Nelson* plaintiffs' takings claim practically moot. Both claims of error lack merit.

Claimants' first claim of error fails because neither the respondents in *Muskegon Treasurer*, nor the claimants in this case have established that MCL 211.78t infringes foreclosed property owners' constitutionally protected right to recover proceeds remaining after the tax-foreclosure sale and the satisfaction of its tax debt and associated costs. See *Muskegon Treasurer*, ___ Mich App at ___; slip op at 10. MCL 211.78t supplements the constitutional protections by providing a process by which former property owners may recover their remaining proceeds, if any. See *id.* at ___; slip op at 11.

Further, claimants do not explain how any procedural differences between the statute at issue in *Nelson* and MCL 211.78t undermine this Court's reliance on *Nelson*'s holding that a compensable takings claim cannot exist when the Legislature has provided a valid procedure for foreclosed property owners to recover surplus proceeds. Claimants cannot obtain relief by simply announcing their position and then leaving it to this Court to unravel their arguments and to look for authority to support their position. See *ER Drugs v Dep't of Health & Human Servs*, 341 Mich App 133, 146-147; 988 NW2d 826 (2022). That the procedure for recovering proceeds in *Nelson* differed from that in the present case does not change that, because claimants did not comply with the procedure available to them, they do not have a compensable takings claim. See *Muskegon Treasurer*, ___ Mich App at ___; slip op at 10.

As to their second claim of error, that the New York Legislature amended the statute at issue in *Nelson* to lessen some of its harshness also does not negate *Nelson*'s holding. Claimants suggest that the amendment renders the holding moot. However, even after the amendment, it appears that the recovery of property still required compliance with certain procedures. See *Nelson*, 352 US at 110-111. Claimants have given this Court no reason to believe that *Nelson*'s holding would not apply to takings claims raised by residents who failed to follow the new procedures.

Claimants also assert that the 5% sales commission authorized by MCL 211.78t(9) is also an unconstitutional taking. We need not consider this claim because claimants "were never subject to the sales commission, given their failure to make a valid claim in the first place." *Muskegon Treasurer*, ___ Mich App at ___; slip op at 11.

## C. STATUTORY ARGUMENTS

Claimants argue that the circuit court should have exercised its authority under MCL 600.2301 to disregard their failure to comply with MCL 211.78t(2)'s notice deadline. Again, we disagree.

MCL 600.2301 authorizes a circuit court "to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein." Claimants cite no authority supporting the proposition that a circuit court furthers justice by disregarding the plain requirements of a duly enacted statute that passes constitutional muster. The gravamen of their argument is that enforcing the July 1 deadline for submitting Form 5743 resulted in a harsh consequence that did not further justice. This Court has already rejected this argument under similar circumstances. See *Muskegon Treasurer*, ___ Mich App at ___; slip op at 7.

Lastly, the Estate claimants argue that the wrongful death saving provision in MCL 600.5852(1) tolls the July 1 deadline in MCL 211.78t(2). This Court held in *Barry Treasurer*, ___ Mich App at ___; slip op at 6-7, that this provision does not apply to toll the filing deadline. This Court concluded that application of MCL 600.5852 was precluded by "the Legislature's provision of an exception to the preclusive effect of MCL 211.78t(2) in MCL 211.78*l*(1) . . . ." *Id*. at ___; slip op at 6, citing *Burton v Macha*, 303 Mich App 750, 756; 846 NW2d 419 (2014). This Court also indicated that "the death-saving provision applie[d] only to claims that survive[d] the decedent's death by operation of law." *Barry Treasurer*, ___ Mich App at ___; slip op at 7. Irene M. Doepker died in 2013, and John Glen Dean died in 2017; because no claim had arisen before their deaths, there were no claims to survive their deaths. See *id*. at ___; slip op at 6-7. Because the wrongful death saving provision did not apply to toll the filing deadline in § 78t(2), and neither Estate complied with § 78t(2)'s filing requirement, the trial court did not err by denying their motions to disburse remaining proceeds.

## III. CONCLUSION

On the basis of *Muskegon Treasurer*, we again conclude that the Legislature intended MCL 211.78t as the exclusive mechanism for claiming and recovering remaining proceeds, that the statutory scheme for recovering remaining proceeds satisfied procedural due process, that claimants' substantive due-process challenges are unavailing, and that claimants do not have a compensable takings claim because the Legislature provided a means for them to recover remaining proceeds; they simply failed to take advantage of it. [4] The trial court did not err by

---

[4] We acknowledge that petitioners filed a statement of supplemental authority on November 8, 2024, after filing their brief on appeal. Petitioners cite recent caselaw from the United States

declining to enforce the statutory deadline or by determining that the wrongful death saving provision did not toll the deadline for the claimant-Estates.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ James Robert Redford

---

Supreme Court and Court of Appeals for the Sixth Circuit: *Culley v Marshall*, 601 US 377; 144 S Ct 1142; 218 L Ed 2d 372 (2024) and *Bowles v Sabree*, ___ F4th ___ (CA 6, 2024) (Docket No. 23-1256). However, petitioners abandoned any argument that that they may intend to advance through the supplemental authority, as they failed to discuss how the supplemental authority applies to the issues raised on appeal. See *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008). Nevertheless, having reviewed the cases cited therein, we are not persuaded that a different disposition of this appeal is warranted.